UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH PERKINS     PLAINTIFF

v.     CIVIL ACTION NO. 3:21-CV-00717-CRS

MANPOWER GROUP TALENT     DEFENDANT
SOLUTIONS, LLC

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the motion of Plaintiff Joseph Perkins ("Perkins") to remand. DN 5. Defendant Manpower Group Talent Solutions, LLC ("Manpower") responded on December 15, 2021 (DN 7) and Perkins did not reply within the timeframe provided by the Local Rules. *See* L.R. 7.1(c) (requiring a reply to be filed within fourteen days of service of the response). As such, the matter is ripe for adjudication. For the reasons set forth below, Perkins' motion for remand will be granted.

I.     *Factual and Procedural Background*

Perkins is a disabled individual who was hired by Manpower in 2021 to work as a warehouse associate at a rate of $17.00 per hour. Complaint, DN 1-1, PageID# 12. Perkins claims that, after he asked Manpower to provide him with reasonable accommodations for his disability, Manpower discriminated against him and eventually fired him. *Id.* In response, Perkins filed the instant action in state court claiming that Manpower's conduct violated several provisions of the Kentucky Civil Rights Act ("KCRA"; Ky. Rev. Stat. 344). *Id.*

Perkins seeks the following relief: 1. compensatory damages, including past and future lost wages and past and future lost benefits; 2. compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; 3. punitive damages; 4. attorney fees, costs, and expenses; and 5. statutory interest on all damage awards, verdicts, or judgments. *Id.*, PageID# 13-14. In his complaint, Perkins stated that "the amount in controversy exceeds the jurisdictional minimum" for a state law action, but "is less than $75,000 inclusive of fees, punitive damages and the far value of any injunctive relief." *Id.*, PageID# 12.

Manpower removed the action under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, claiming complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. Notice of Removal, DN 1, PageID# 1-2. There is no dispute that the parties are completely diverse, as Perkins resides in Kentucky and Manpower is a Delaware limited liability company. DN 1-1, PageID# 11; DN 4, PageID# 33. The parties, however, disagree as to the amount in controversy.

II. *Analysis*

District courts may exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Manpower sought removal of the action to federal district court under the belief that Perkins' lawsuit met these criteria. However, Perkins argues that this Court lacks jurisdiction because the amount in controversy is less than $75,000. DN 5, PageID# 35. Attached to Perkins' motion for remand (DN 5) is a stipulation that states:

1. "[t]he amount in controversy in connection with Plaintiff's claims asserted in this case is less than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish,

2

    humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief";

2. that "[Perkins] will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000)"; and

3. "[t]his stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to Plaintiff."

Stipulation, DN 5-1, PageID# 37. There are, thus, two issues presently before the Court: "(1) whether the amount in controversy exceeds $75,000, and (2) whether Plaintiff's postremoval stipulation destroys the $75,000 amount-in-controversy requirement for § 1332 jurisdiction." *Agri-Power, Inc. v. Majestic JC, LLC*, 5:13-CV-46-TBR, 2013 WL 3280244, at *4 (W.D. Ky. June 27, 2013). Each of these issues will be addressed in turn.

    *A. Amount in Controversy*

    Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). As the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). Nonetheless, because a plaintiff in Kentucky cannot make a specific demand for damages in the complaint (Ky. R. Civ. P. 8.01(2)), the defendant may assert the amount in controversy in the notice of removal. *Id.*; 28 U.S.C. § 1446(c)(2)(A)(ii).

    At the time of removal, the removing defendant bears the burden of demonstrating that "it is more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *See*,

*e.g.*, *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 778 (E.D. Ky. 2014). "Such a preponderance-of-the-evidence test, however, 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 471 (6th Cir. 2019) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)).

The amount in controversy in workplace-discrimination and retaliation cases is often shown by calculating the value of the plaintiff's compensatory and punitive damages. *Id.* at *3 (citations omitted). Here, working under the assumption that a trial would take place eighteen months after removing the case to federal court, Manpower asserts that Perkins would be able to claim $55,080 in past lost wages by the time of trial. DN 1, PageID# 4. Manpower further calculates that Perkins could claim $32,640 in damages for future lost wages, assuming that he would seek one year of such wages. *Id.* Thus, Manpower estimates that Perkins could claim a total of $87,720 in lost wages alone. *Id.*

"[T]he defendants must affirmatively come forward with competent proof showing that the amount-in-controversy requirement is satisfied. Mere averments are not enough." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959-60 (E.D. Ky. 2009). As stated by the court in *King*, "evidence [of the amount in controversy] is not hard to obtain. . . . [S]uch evidence can be acquired through pre-removal interrogatories . . . and pre-removal requests for admissions." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 n.2 (E.D. Ky. 2009) (citing *Marcum v. State*

4

*Farm Mut. Auto. Ins. Co.*, No. 6:07-269-DCR, 2007 U.S. Dist. LEXIS 62098, 2007 WL 2461623, at *3 (E.D. Ky. Aug. 22, 2007)).

In the instant case, Manpower does not offer evidence from pre-removal interrogatories, admissions, or any other discovery tool. Rather, its calculations are based on a single known fact: that Perkins earned an hourly wage of $17. DN 1, PageID# 4 (citing DN 1-1, PageID# 12). Despite Manpower's assertion to the contrary, the Court has found no evidence in the record stating that Perkins "would have been assigned to work 40 hours per week." *Id.* Manpower further fails to point to any evidence that Perkins would seek to recover one year of "front pay." As such, Manpower's estimate of Perkins' lost wages damages is little more than a "mere averment." The same can be said for its estimates of lost past and future benefits, which both rely on Perkins working forty hours per week. *Id.*, PageID# 5. Manpower's estimates of Perkins' attorney's fees and compensatory damages for alleged emotional distress are also not tied to any evidence in the record and, consequently, are purely speculative. In sum, Manpower has not met its burden of showing that "it is more likely than not" that the amount in controversy in this case is at least $75,000.

### B. Post-Removal Stipulation

Even if the Court found that Manpower had met the amount in controversy requirement, Perkins asserts that he has submitted a binding stipulation that would defeat federal jurisdiction based on diversity. DN 5, PageID# 35 (citing DN 5-1, PageID# 37). Under Sixth Circuit jurisprudence, "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added). Even so, courts in this District have recognized that "while a plaintiff may not reduce or change the demand by stipulation, they may clarify the amount at issue in the complaint." *Jenkins*

*v. Delta Air Lines, Inc.*, 3:18-CV-244-CRS, 2018 WL 6728571, at *3 (W.D. Ky. Dec. 21, 2018) (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)).

For a post-removal stipulation to be effective, it must "'provide[] specific information about the amount in controversy for the first time.'" *Shupe*, 566 F. App'x at 481 (quoting *Egan*, 237 F. Supp. 2d at 778). In his complaint, Perkins states "the amount in controversy . . . is less than $75,000 inclusive of fees, punitive damages and the far value of any injunctive relief." DN 1-1, PageID# 12. In the post-removal stipulation that accompanies his motion to remand, Perkins again indicates that he "will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000)." DN 5-1, PageID# 37. Therefore, though Perkins' post-removal stipulation is not his first specific statement of the alleged damages, it is identical to the first statement in the complaint. Accordingly, Perkins has not sought to *reduce* the amount in controversy below the jurisdictional threshold after removal but has simply reiterated his position.

When presented with nearly identical circumstances, courts in this District have held that a plaintiff's stipulation is a clarification, not a modification or "walk back," of the amount in controversy. *See, e.g.*, *Offutt v. Kemper Corporation*, 3:18-CV-00438-RGJ, 2019 WL 1427558, at *5 (W.D. Ky. Mar. 29, 2019) (finding that language in the complaint limiting the amount in controversy to less than $75,000 did not bar the plaintiff from making a post-removal stipulation to re-assert that he or she would not seek or accept more than $75,000 in damages); *Est. of Beard v. G4S Secure Sols. USA, Inc.*, 3:18-CV-00493-RGJ, 2019 WL 1410909, at *4 (W.D. Ky. Mar. 28, 2019) (same); *Davis v. Cotiviti, LLC*, 3:18-CV-00372-RGJ, 2019 WL 1359267, at *4 (W.D. Ky. Mar. 26, 2019) (same); *Jenkins*, 2018 WL 6728571, at *3 (same). This court reaches the same conclusion with respect to Perkins' stipulation.

Finally, for a post-removal stipulation to be effective, it must be "unequivocal." *Egan*, 237 F. Supp. 2d at 778. Post-removal stipulations indicating that a plaintiff "will not seek or accept damages in excess of $75,000" have been found to be sufficiently limiting. *See Heyman*, 781 F. App'x at 470 (collecting cases). Such a stipulation "prevents [the plaintiff] from seeking or accepting money in excess of the jurisdictional amount" and "'leaves Plaintiff no room to escape the bounds of its restrictions.'" *Jenkins*, 2018 WL 6728571, at *5 (quoting *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013)). Given that Perkins incorporates the "seek or accept" language into his post-removal stipulation,[1] it is an unequivocal statement that limits his damages.

Because Perkins does not seek to reduce the amount in controversy and his post-removal stipulation unequivocally limits his recovery, the amount in controversy requirement of 28 U.S.C. § 1332(a) is not met. Thus, this Court lacks jurisdiction over this matter and the case must be remanded.

Motion having been made and for the reasons set forth in the memorandum opinion entered herein this date and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Plaintiff Joseph Perkins (DN 5) for remand is **GRANTED. IT IS SO ORDERED**.

April 11, 2022

Charles R. Simpson III, Senior Judge
United States District Court

cc: Counsel of Record
Hardin Circuit Court (21-CI-1449)

---

[1] DN 5-1, PageID# 37.